UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LLOYD BROWN,

    Petitioner

vs.                                    Case No.:   3:20-cv-661-J-32JBT

ATTORNEY GENERAL, et al.

    Respondents.

## ORDER

### I. Status

This case is before the Court on Petitioner Lloyd Brown's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 7, Amended Petition) and Motion for Preliminary Injunction (Doc. 4, Motion for P.I.). He initiated this case while detained at the Baker County Detention Center awaiting transfer to Miami FDC.

Petitioner is a federally convicted 39-year-old inmate serving a 24-month term of imprisonment for aggravated identity theft. United States v. Lloyd Brown, No. 19-cr-60270-FAM (S.D. Fla.), Dkt. 14 (Judgment).[1] The sentencing court ordered Petitioner to self-surrender to begin his sentence on January 21,

---

[1] Petitioner has already filed a motion for compassionate release, id. Dkt. 19, and a motion for home confinement, id., Dkt. 24, in the sentencing court, both of which were denied, id. Dkt. 23, Dkt. 26.

1

2020. (Id. at 2). Petitioner failed to do so, causing the Southern District of Florida to issue a warrant for his arrest. United States v. Lloyd Brown, No. 3:20-mj-1099-PDB (M.D. Fla.), Dkt. 1 (Arrest Warrant). Petitioner was arrested in this district on February 21, 2020, after which the Court remanded him into the custody of the United States Marshals. Id., Dkt. 2, Dkt. 5.

Petitioner was confined at the Baker County Detention Center (where he had been detained since his arrest) when he filed the Amended Petition. Shortly after, the Court learned he had been transferred to a new facility. According to the Bureau of Prisons (BOP), he is now at Oklahoma City FTC. Petitioner is due to be released from his term of imprisonment on October 17, 2021.

**II.    Claims**

Because Petitioner is pro se, the Court construes the Motion for P.I. and the Amended Petition together. Although he lists eight grounds, the Court discerns essentially three claims: (1) that he has a liberty interest in being transferred to home confinement based on his health conditions and the Covid-19 pandemic; (2) that his right to procedural due process was being violated because he lacked access at the Baker County Detention Center to the proper channels to be considered for home confinement; and (3) he asks this Court to recommend home confinement under 18 U.S.C. § 3621.

According to Petitioner, "[t]he sole purpose of this motion is to aid the Petitioner in being identified" as eligible for home confinement and to "let the [BOP] make its determination…." (Doc. 7 at 6; see also Doc. 4 at 2). Petitioner

> reiterates that he is not seeking compassionate release in which his term of imprisonment would be reduced. He is asking for a recommendation from the court to BOP that he serve the remainder of his sentence on Home Confinement. He simply wants to serve his sentence in an environment that does not jeopardize his health or perhaps his life until the pandemic is under control.

(Doc. 4 at 3). Petitioner asks that the Court order BOP to either release him to home confinement or consider his application. (Doc. 7 at 6).

### III.  Discussion

The writ of habeas corpus may extend to a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A prisoner sentenced by a federal court … may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1092-93 (11th Cir. 2017) (en banc). Because Petitioner appears to challenge the execution of his sentence – specifically, the denial of home confinement – the Amended Petition may proceed under § 2241.

Usually, an inmate must exhaust administrative remedies before seeking habeas relief under § 2241. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th

3

Cir. 2015). However, this exhaustion requirement is not jurisdictional. Id. And according to BOP regulations, the administrative remedy program does not apply to inmates held in a non-federal facility. 28 C.F.R. § 542.10(b). Therefore, the Court will address the Amended Petition on the merits.

### A. Home Confinement

First, Petitioner seeks release to home confinement. (See Doc. 4 at 2, 3; Doc. 7 at 6). Petitioner alleges that he is facing serious injury or death because he has H.I.V., asthma, and a history of respiratory disease (Doc. 4 at 1), and because his BOP destination – FDC Miami – "is listed as a hotspot for the Covid-19 virus," (id. at 2). He also alleges that Covid-19 had infiltrated the Baker County Detention Center, where Petitioner could not practice social distancing. (Id.; see also Doc. 7 at 2). Petitioner argues he "has a liberty interest in being placed on home confinement, placement and consideration, and believes he is eligible under the attorney general[']s memorandum to the director of the [BOP] on April 3, 2020." (Doc. 7 at 5). As such, he asks that the Court order him to be transferred to home detention. (See id. at 6). However, this Court has no authority to grant such relief.

The home confinement statute provides:

**(2) Home confinement authority.**-- The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent

4

> practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).[2] In response to Covid-19, Congress expanded BOP's home confinement authority as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The relevant section provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, § 12003(b)(2). On April 3, 2020, the Attorney General issued a memorandum making the requisite finding, and instructed the Director of BOP to identify vulnerable inmates for transfer to home confinement. In identifying inmates appropriate for home confinement, the Attorney General instructed the BOP to consider a non-exhaustive list of discretionary factors set forth in a previous memorandum issued on March 26, 2020.[3]

---

[2]  Petitioner would not qualify for home confinement under § 3624(c)(2) because he is not within the final 10% (2.4 months) of his 24-month term of imprisonment.

[3]  Links to the Attorney General's memoranda are available at https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp.

Under this law, the BOP has exclusive jurisdiction to decide whether to place a prisoner under extended home confinement. United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2-3 (S.D. Fla. May 21, 2020); see also United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). "The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement." United States v. Phillips, No. 6:16-cr-198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020) (internal quotation marks and citation omitted); see also 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); id., § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). "While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." Alvarez, 2020 WL 2572519, at *2 (emphasis in original) (citation and internal quotation marks omitted).

Nor does Petitioner have a liberty interest in being transferred to home detention. A prisoner has no constitutionally protected interest in his place of

6

confinement. Williams v. Flournoy, 732 F. App'x 810, 812 (11th Cir. 2018) (discussing Meachum v. Fano, 427 U.S. 215 (1976); McKune v. Lile, 536 U.S. 24 (2002)). And, "the Supreme Court has held prisoners do not have a constitutional right to be released before the expiration of a valid sentence." Calderon, 801 F. App'x at 732 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). As such, Petitioner has no enforceable right to be transferred to home detention.

### B. Procedural Due Process

Petitioner also claims he was "being denied Procedural Due Process … where the defendant [did] not have an appropriate channel to … exhaust administrative remedies to BOP [because] the [Baker County] Detention facility does not assist with this administrative process and does not offer an avenue to communicate with the [BOP]." (Doc. 7 at 5). Petitioner states that he wrote several requests for home confinement to the Attorney General, BOP officials, and officials at Baker County Detention Center, but he did not receive a response. (Id. at 2, 3, 4; see also Doc. 7-1, Request for Home Confinement). Because he was not in a BOP facility, Petitioner states that he did "NOT have a means to directly make a request to the proper prison officials at the [BOP] or United States Marshal Service" and that there was "confusion on who the decision making authority is at this time." (Doc. 7 at 4) (emphasis in original).

7

Petitioner "argues he is entitled to have a penal or correctional facility warden immediately consider his request for home confinement …." (Id.).

Since filing the Amended Petition, Petitioner has been transferred from Baker County Detention Center to a BOP facility. As Petitioner is now in BOP custody, he has access to the proper channels for requesting home confinement. There is no indication that BOP will (or could) transfer Petitioner back to Baker County Detention Center. Because the impediment that was the basis of the procedural due process claim has been removed, it is moot. See Herron v. Beck, 693 F.2d 125, 127 n.3 (11th Cir. 1982) (holding that inmate's transfer to a new facility mooted his equitable claims regarding the former jail's practices).

**C. Recommendation of Home Confinement**

To the extent Petitioner seeks a recommendation under 18 U.S.C. § 3621(b)(4)(B) that he be placed in home confinement, this Court has no authority to make such a recommendation. Section 3621 instructs the BOP, in determining where to place an inmate, to consider "any statement by the court that imposed the sentence … recommending a type of penal or correctional facility as appropriate." Id., § 3621(b)(4) (emphasis added). By its terms, the statute requires that any recommendation concerning the place of confinement come from the sentencing court, which is the Southern District of Florida. Thus, the Court lacks authority to grant this relief as well.

## IV. Conclusion

Because the Court lacks authority to grant the relief Petitioner seeks, the Amended Petition is due to be dismissed. If Petitioner seeks further habeas relief, he should file the petition in the district of confinement.[4]

Accordingly, it is hereby **ORDERED:**

1. Petitioner Lloyd Brown's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 7) is **DISMISSED.**

2. The Motion for Preliminary Injunction (Doc. 4) is **DENIED AS MOOT.**

3. The Clerk shall enter judgment dismissing the Amended Petition.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of August, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Pro se petitioner

---

[4] Petitioner cites the Eighth Amendment in passing (Doc. 7 at 1), but he does not develop this claim. And, to the extent the claim is based on the risk posed by Covid-19 at Baker County Detention Center, it is mooted by his transfer to a new facility.

9